NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2012
Decided January 24, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2660

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Central |
| *Plaintiff-Appellee*, | District of Illinois. |
| v. | No. 2:98-cr-20061-MPM-DGB-1 |
| LEE TERRY, | **Michael P. McCuskey**, *Judge.* |
| *Defendant-Appellant*. | |

O R D E R

Lee Terry was convicted in 1999 of three counts related to the armed robbery of a credit union. He was sentenced to life imprisonment pursuant to the "Three Strikes" provision of 18 U.S.C. § 3559(c). Mr. Terry later filed a direct appeal and then a habeas corpus petition, both of which were denied. Several times, he attempted to file successive habeas petitions.

Mr. Terry alleges that, at some point before filing the motion which is the subject of this appeal, he made Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests to various agencies and governmental bodies.[1] Mr. Terry was dissatisfied with the responses, or lack thereof, to his requests. He therefore filed in the district court a "Motion Requesting In Camera Review." Mr. Terry's motion asked the district court to compel production of trial-related information that he had sought previously through FOIA requests and to review that information in camera. Prior to filing the motion, Mr. Terry had not filed a complaint to commence an action in the district court nor was he a party in an already-pending matter. The district court denied the motion, holding that it could not review the motion without an action pending before it. The district court was correct.

The district court first considered Mr. Terry's motion as a request to order production of documents. The court correctly concluded that, because no proceeding was pending before it, it could not consider the motion. The district court next considered the possibility that Mr. Terry was attempting, through his motion, to state a cause of action under the FOIA.[2] The court concluded, however, that Mr. Terry had not successfully done

---

[1] Mr. Terry claims that he made FOIA requests to the Champagne, Illinois Police Department, the Clerk of Court and the Federal Defender Office. These entities are not subject to the FOIA; the FOIA applies only to agencies and instrumentalities of the executive branch of the federal Government. *See* 5 U.S.C. § 552(f)(1). The Champagne Police Department is a state entity and the Clerk of Court and the Federal Defender Office are within the Judiciary. Therefore, Mr. Terry cannot bring a cognizable FOIA action against them.

[2] The Government's contention that Mr. Terry's motion is an attempted successive habeas petition is without merit. Although Mr. Terry discussed the merits of his underlying criminal conviction at some length in his motion to the district court, it is clear that the essence of his claim is a FOIA request. The Supreme Court has held that "[h]abeas is the exclusive remedy . . . for the prisoner who seeks "immediate or speedier release" from confinement." *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not necessarily spell speedier release, however, suit may be brought." *Id.* (internal quotation marks omitted). A FOIA action seeking access to documents does not implicate the plaintiff's conviction and is not a request for "present or future release" which is the "'core' [of] habeas corpus relief." *Dotson*, 544 U.S. at 81. *See also Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 376 (D.C. Cir. 2000) (holding that the plaintiff's FOIA

(continued...)

so because he had not filed a complaint. In order to bring an action under the FOIA in district court, the plaintiff must file a complaint. *See* 5 U.S.C. § 552(a)(4)(B). Although required to construe pro se filings liberally, *see McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), the district court could not construe Mr. Terry's motion as a complaint commencing a FOIA action because Mr. Terry never paid the required filing fee and never filed a motion for leave to proceed in forma pauperis. Given these circumstances, the district court was correct to refuse to construe the motion as a complaint.[3]

For these reasons, the decision of the district court is affirmed.

**AFFIRMED**

---

[2](...continued)
claim was not barred as a tacit habeas petition because, although the plaintiff sought the production of an exculpatory report to support his good time and parole eligibility claims, "a judicial finding that some agency must deliver th[e] report to [the plaintiff] would not itself establish some necessary element of those claims").

[3] The district court also stated that even assuming Mr. Terry had properly filed a complaint, any FOIA claim would be time-barred. However, because we agree with the district court's holding on other grounds, we do not reach the time-bar issue. Nor do we have occasion to determine the exhaustion of remedies question.